1
2
3
4
5
6            **UNITED STATES DISTRICT COURT**
7              **DISTRICT OF NEVADA**
8
9    CODY LEAVITT,
10          Petitioner,                        Case No. 2:13-cv-02018-JAD-NJK
11   vs.                                        **ORDER**
12   EIGHTH JUDICIAL DISTRICT COURT,
     et al.,
13
              Respondents.
14

15          Petitioner has submitted a motion for reconsideration (Doc. 6).  For the reasons stated

16   below, the court denies the motion.

17          Petitioner first argues that because he was not challenging his sentence, the court should not

18   have construed the petition to be pursuant to 28 U.S.C. § 2254.  Petitioner's citations to *Harrison v.*

19   *Gillespie*, 640 F.3d 888 (9th Cir. 2011) (en banc),[1] and *Stow v. Murashige*, 389 F.3d 880 (9th Cir.

20   2004), are inapposite.  Those decisions held that a person may file a habeas corpus petition before

21   trial, and thus before entry of a judgment of conviction, pursuant to 28 U.S.C. § 2241 to raise a

22   claim that a trial would violate the Double Jeopardy Clause of the Fifth Amendment.  Petitioner did

23   not raise a double-jeopardy claim in his petition, and he is in custody under a judgment of

24   conviction of a state court.  Therefore, § 2254 applies.  It does not matter that petitioner is not

25   challenging his sentence.

26

27   _____

28          [1]Petitioner actually cited to the superseded panel decision.  The court has corrected the
     citation for him.

Next, petitioner argues that the court erred in its alternative construction of the petition as an appeal from the Nevada Supreme Court's denial of his petition for a writ of mandamus, because he was relying upon the All Writs Act, 28 U.S.C. § 1651.  The All Writs Act, 28 U.S.C. § 1651, allows the court to grant extraordinary writs where the court has jurisdiction.  However, the All Writs Act does not confer jurisdiction by itself; instead, another statutory or constitutional provision must confer jurisdiction upon the Court.  *Stafford v. Superior Court*, 272 F.2d 407, 409 (9th Cir. 1959).  The court had concluded that it did not have appellate jurisdiction over the Nevada Supreme Court, and nothing in the motion for reconsideration would cause the court to depart from that ruling.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (Doc. 6) is **DENIED**.

Dated: June 18, 2014.

JENNIFER A. DORSEY
United States District Judge

-2-